Matter of Strage (2022 NY Slip Op 05005)

Matter of Strage

2022 NY Slip Op 05005

Decided on August 23, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Lizbeth González
Manuel J. Mendez
Bahaati E. Pitt
John R. Higgitt, JJ.

Motion No. 2022-02436 Case No. 2022-02056 

[*1]In the Matter of Michael M. Strage, (admitted as Michael Mark Strage), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael M. Strage, (OCA Atty. Reg. No. 2102994), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 8, 1986.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Michael M. Strage was admitted to the practice of law in the State of New York by the First Judicial Department on December 8, 1986, under the name Michael Mark Strage. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced a disciplinary proceeding against respondent asserting eight charges of professional misconduct emanating from respondent's submission of false information in connection with his statutorily required attorney registration, failure to comply with the Committee's directives, disbursement of funds subject to an attorney charging lien, failure to keep proper records for an attorney trust account, failure to comply with a judicial subpoena duces tecum, and/or engaging in conduct adversely reflecting on his fitness as a lawyer, in violation of Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rules 1.15(d)(1)(i), 1.15(d)(1)(ii), 8.4(c), 8.4(d), and 8.4(h).
The petition alleges that, despite respondent's claims since January 2010 of exemption from mandatory continuing legal education requirements, respondent was neither retired nor an active member of the military, and appeared as the attorney of record in matters before the Supreme Court of the State of New York and the United States District Courts for Colorado and the Southern District of New York.
The petition further alleges that respondent has failed to comply with the Committee's 2016 Admonition directing respondent to earn CLE credits in certain topics within nine months and provide it with the certificates of attendance.
The petition further alleges that, in 2019, despite respondent's receipt and notice of his client's former attorney's Judiciary Law § 475 charging lien pertaining to approximately half of the settlement funds received by respondent from opposing counsel in a landlord-tenant matter, respondent disbursed the entirety of the funds to himself and the client.
The petition further alleges that, in 2019 and 2020, respondent maintained an RPC 1.15(b) attorney trust account, the records for which failed to identify the source, description, payee, purpose, person for whom held, and recipient of transacted funds.
The petition further alleges that respondent has failed to comply with a 2021 subpoena the Committee served that sought retainer agreements, letters of engagement, invoices for services rendered and/or notices of appearance for each legal matter, since 2010, in which respondent acted as an attorney and/or provided legal services.
In light of respondent's failure to answer or otherwise respond to the petition and failure to contact the Committee, the Committee filed the current motion dated June 17, 2022, asking this Court to find respondent in default, to deem the charges alleged in the petition admitted, and to immediately [*2]suspend respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), based on his default, and to refer the matter for a hearing on the issue of sanction only.
The petition notified respondent that, among other things, answering papers were due at least seven days prior to the June 13, 2022 return date, and that the failure to timely file and serve an answer or respond specifically to any allegation or charge would result in such allegation or charge being deemed admitted. The petition advised respondent of the manner of serving and filing answering and other papers; that his answering papers must be in writing; that his answering papers must specifically respond, by admission, denial or otherwise, to each allegation in the petition; that his answer must assert all affirmative defenses; and that the answer may assert any mitigating matters.
The Committee has demonstrated that one of its representatives personally spoke with respondent prior to the service of both the petition and the motion and received consent to serve both in the manner it has described and demonstrated in its affidavits of service. Responded has not responded to the petition or this motion.
In light of respondent's failure "to serve and file an answer or respond specifically to any allegation or charge," we find respondent in default and deem the eight charges of professional misconduct, as specified in the May 9, 2022 petition, admitted (22 NYCRR 1240.8[a][6]; 603.8[b][3][iv]), and suspend respondent on an interim basis owing to his default on the petition of charges (22 NYCRR 1240.9[a][1]; Matter of Thomas, 171 AD3d 93 [1st Dept 2019]; Matter of Savitt, 161 AD3d 109 [1st Dept 2018], lv dismissed 32 NY3d 1043 [2018]).
Accordingly, the Committee's motion should be granted, the charges in the petition are deemed admitted, respondent is immediately suspended from the practice of law and until further order of this Court, and a referee shall be appointed to hold a hearing to consider evidence in mitigation and aggravation, if any, and to recommend an appropriate sanction to be imposed on respondent (22 NYCRR 1240.8[a][6]; 1240.9[a][1]; 603.8[b][3][iv]).
All concur. IT IS ORDERED that the Attorney Grievance Committee's motion to adjudicate respondent in default is granted, the charges in the petition of charges are deemed admitted, and respondent Michael M. Strage, admitted as Michael Mark Strage, is suspended from the practice of law, effective immediately, and until further order of this Court, and the proceeding is referred to Referee Bruce N. Lederman, 747 Third Avenue - 23rd Floor, New York, New York 10017, lederman.bruce&commat;gmail.com, Tel. 212-204-6018, to consider evidence in mitigation and aggravation, if any, and to recommend an appropriate sanction to be imposed on respondent (22 NYCRR 1240.8[a][6]; 1240.9[a][1]; 603.8[b][3][iv]), and IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court[*3], respondent is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and IT IS FURTHER ORDERED that the respondent shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and IT IS FURTHER ORDERED that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: August 23, 2022